UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.  3:21-522-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| EDDIE FITZGERALD JONES ) | |
| _____ ) | |

This matter is before the court upon the defendant's *pro se* motion pursuant to the First Step Act of 2018 (FSA) and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 831).  The defendant asserts that the Bureau of Prisons (BOP) has not properly applied his 40 days of earned FSA time credits because he has not worked his recidivism to a low level.[1]  He also argues that he is entitled to the Second Chance Act's one year home confinement and six months in a half-way house.  The government has responded in opposition.  For the reasons which follow, the defendant's motion is denied.

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010).  However, the commonly termed "compassionate release" provision of § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence.  Under this statute, a district court may reduce a criminal defendant's sentence if the court finds extraordinary and compelling reasons that warrant such a reduction after considering the factors set forth in 18

---

[1] The defendant's claims for FSA time credits fall under 18 U.S.C. § 3632(d)(4)(A).

U.S.C. § 3553(a), to the extent that they are applicable, as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In its opposition memorandum, the government asserts, and this court agrees, that a motion for compassionate release is not the proper vehicle for the defendant to bring his FSA earned time credits claim. Instead, the defendant's claim belongs in a petition for a writ of habeas corpus under § 2241, "the general habeas corpus statute." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023); *see United States v. Vance*, 563 F. App'x 277, 278 (4th Cir. 2014) (holding that "[a] prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241"). Moreover, the defendant cannot use § 3582(c)(1)(A) to sidestep § 2241. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Additionally, a § 2241 motion must be sought in the district of confinement rather than in the sentencing court. The defendant is currently housed at the Federal Correctional Institution in Beckley, West Virginia, with an anticipated release date of May 15, 2028.

The government also argues that the defendant has not submitted any documentation that he has made a request for relief to the Warden. Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir.

2021), 18 U.S.C. § 3582(c)(1)(A). This court agrees that the defendant has not exhausted his remedies and thus it may not consider the defendant's claims until they are exhausted.

Finally, as to the defendant's claim that he is entitled to home confinement pursuant to the Second Chance Act, his request is without merit. Title 18 U.S.C. § 3624(c)(1) provides that the BOP shall ensure that a prisoner spends a portion of the final moths of the term of imprisonment (not to exceed 12 months) under conditions that will afford him a reasonable opportunity to adjust to and prepare for the reentry into the community. Section § 3624(c)(2) allows for the BOP to place a prisoner in home confinement for 10 percent of the term of imprisonment or 6 months, whichever is shorter. The defendant still has over 3 years remaining on his sentence so 18 U.S.C. § 3624(c) is not applicable to him at this time.

For the foregoing reasons, the defendant's motion (ECF No. 831) is respectfully denied.

IT IS SO ORDERED.

February 24, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge