IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:21-522-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| EDDIE FITZGERALD JONES #62033-509 ) | |
| _____ ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 950).[1] The defendant contends that his minor daughter's caregiver has been "incapacitated" which supports his motion for compassionate release due to family circumstances.

The government opposes the defendant's motion, arguing that the defendant fails to present extraordinary and compelling circumstances to warrant his release and that the § 3553(a) factors weigh heavily against his release. The defendant did not reply thereto.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

PROCEDURAL HISTORY

The defendant and ten other co-defendants were indicted on August 18, 2021 for trafficking methamphetamine, heroin, cocaine base, fentanyl, and cocaine. On July 13, 2022,

---

[1] The defendant's first motion for compassionate release on other grounds was denied by this court on February 24, 2025 (ECF No. 919).

1

the grand jury returned a Superseding Indictment charging the defendant with the following:

Count 1: Conspiracy to possess with intent to distribute 500 grams or more of a mixture of methamphetamine, a kilogram or more of heroin, 28 grams of cocaine base, 40 grams of fentanyl, and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846;

Counts 3–4: Use of communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b);

Count 31: Possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B);

Count 32: Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2), and 924(e); and

Count 33: Possession of a firearm in furtherance of a drug trafficking crime, in violation of violation of 28 U.S.C. § 924(c)(1).

The defendant pleaded guilty to Count 1 of the Superseding Indictment in a written Amended Plea Agreement (ECF No. 679).

A Presentence Report (PSR) (ECF No. 763) was prepared by the United States Probation Office using the 2023 Guidelines Manual. It was determined that the defendant's criminal history category was III (based on 4 criminal history points). The defendant was held accountable for a 2,547.8177 kilograms of converted drug weight equivalent and received an enhancement for possession of a firearm. With a total offense level of 29, the defendant's tentative Guideline sentencing range was 120 to 135 months. Absent the statutory mandatory minimum sentence, the Guideline range would have been 108 to 135 months imprisonment.

At his sentencing hearing on February 7, 2024, the government recommended a

departure under U.S.S.G. § 5K1.1 to remove the mandatory minimum sentence, resulting in a guideline range of 108 to 135 months. This court granted the government's motion and sentenced the defendant to a below guidelines term of 100 months imprisonment and a 5 year term of supervision.

The defendant did not appeal his conviction or sentence. However, the defendant filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 wherein he alleged various claims of ineffective assistance of counsel (ECF No. 818). This court denied the § 2255 motion on January 27, 2025 (ECF No. 910).

The defendant is currently 42 years of age and his date of release from the BOP is scheduled for December 7, 2027. He is presently housed at the Federal Correctional Institution in Atlanta.

## STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that

he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the Bureau of Prisons (BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not dispute the defendant's exhaustion of his administrative remedies. Thus, the court will proceed to review the matters on the merits. *See United States*

*v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

## DISCUSSION

The Sentencing Commission issued a policy statement, amended in November 2023, that governs reduction of sentences under § 3582(c)(1)(A). As is relevant here, U.S.S.G. § 1B1.13(b) states the following with regard to subsection (3) Family Circumstances:

(A)　The death or incapacitation of the care giver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition;

(B)　The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available care giver for the spouse or registered partner;

(C)　The incapacitation of the defendant's parent when the defendant would be the only available care giver for the parent;

(D)　The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available care giver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

Here, the defendant claims that the caregiver of his minor daughter (for whom he had custody prior to his arrest and incarceration) is incapacitated and that he should be released to care for his daughter. The defendant states that he received a copy of a complaint filed by the S.C. Department of Social Services (DSS) for removal of his daughter's maternal grandmother as custodian for neglect of the minor child. According to the defendant, the

Family Court of the Fifth Judicial Circuit granted the DSS motion and placed the child in protective custody as a ward of the State.

The defendant maintains that he is a suitable caretaker; he is legally entitled to custody of his daughter; he is a non-violent, first time offender with no history of violence; he has served 75% of his sentence; he and his daughter would live with his mother; he is not a danger; and the § 3553(a) factors weigh strongly in his favor. The defendant also contends that he has performed admirably while incarcerated; has completed a number of educational and work programs; and has dedicated himself to rehabilitation.

The government argues that the defendant has not met his burden to show that the child's caregiver (maternal grandmother) is incapacitated. The defendant has not submitted any records or documentation specifically regarding the maternal grandmother. Rather, the defendant has only submitted court records which indicate the minor child was removed due to severe neglect. These family court records were filed in November 2024 and the defendant has not provided any evidence to show where the child is currently living, whether reunification has occurred, and what DSS's plans are for the minor child for an alternative caretaker. The government argues that if there is a suitable caregiver, such as foster care, then U.S.S.G. § 1B1.13(b)(3)(A) is inapplicable because the minor child would have a caregiver who was arranged by DSS.

The government further argues that the defendant should be required to show a deficiency in the foster care placement and that DSS would replace the defendant as the caregiver of the minor child if the defendant were released from the BOP. And, the

government submits that the defendant cannot make either showing. The government notes that while the minor child was living with the defendant at his home, the defendant was a prolific drug trafficker of various narcotics, he cooked crack cocaine at his residence, and kept a loaded firearm under the couch cushions in the living room.

This court agrees with the government that the defendant has failed to carry his burden to show that his minor child's caregiver is incapacitated, thus, the defendant cannot establish an extraordinary and compelling reason for consideration of release. Because this court does not find an extraordinary or compelling reason on the defendant's claims, there is no need for the court to further discuss the § 3553(a) factors.

## CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the foregoing reasons, the court determines that the defendant has not presented an extraordinary and compelling reason for a reduced sentence. The defendant's motion for compassionate release is respectfully denied (ECF No. 950) and his motion for appointment of counsel is denied as well (ECF No. 951).

IT IS SO ORDERED.

February 27, 2026                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

7